Slip Op. 18-96

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE,**<br><br>            Plaintiff,<br><br>      v.<br><br>**UNITED STATES,**<br><br>            Defendant,<br><br>      and<br><br>**INNOVATIVE OUTDOOR SOLUTIONS, INC.,**<br><br>            Defendant-Intervenor. | Before: Timothy C. Stanceu, Chief Judge<br><br>Court No. 17-00179 |

## OPINION AND ORDER

[Denying plaintiff's motion for a stay of proceedings and enlarging the time period for the filing of plaintiff's motion for judgment on the agency record]

                                                          Dated: August 8, 2018

    *Robert E. DeFrancesco, III*, Wiley Rein LLP, of Washington, D.C., for plaintiff Aluminum Extrusions Fair Trade Committee. With him on the motion were *Alan H. Price* and *Derick G. Holt*.

    *Aimee Lee*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With her on the memorandum in opposition were *Chad A. Readler*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Reginald T. Blades, Jr.*, Assistant Director. Of counsel on the memorandum in opposition was *Jessica R. DiPietro*, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

    *Richard P. Ferrin*, Drinker Biddle & Reath LLP, of Washington, D.C., for Defendant-Intervenor Innovative Outdoor Solutions, Inc. With him on the memorandum in opposition was *Douglas J. Heffner*.

Stanceu, Chief Judge: Plaintiff Aluminum Extrusions Fair Trade Committee (the "Committee"),[1] requests that the court stay proceedings in this action until thirty days following the final resolution of two cases that, at the time of the motion, were pending before the Court of Appeals for the Federal Circuit ("Court of Appeals"). Mot. to Stay Proceedings Pending Final Resolution of Ct. of Appeals for the Fed. Cir. Case Nos. 16-2657 and 17-1117 and Consent Mot. for an Extension of Time to File Pl.'s Rule 56.2 Mot. and Supp. Brief 1, 8 (Feb. 13, 2018), ECF No. 24 ("Mot. to Stay"). Specifically, plaintiff requests a stay of further proceedings in this action pending final resolution of the litigation in *Meridian Prods., LLC v. United States* (Ct. No. 13-00246) ("*Meridian*"), and *Whirlpool Corp. v. United States* (Ct. No. 14-00199) ("*Whirlpool*"). *See* Mot. to Stay 1-2.

Plaintiff requests, should the court deny the motion to stay, an extension of ten days from the date of the court's decision to file a Rule 56.2 motion for judgment on the agency record and supporting brief. Mot. to Stay 2. Defendant and defendant-intervenor Innovative Outdoor Solutions, Inc. ("IOS") oppose the Committee's motion to stay but do not oppose a ten-day extension. Def.'s Opp'n to Pl.'s Mot. to Stay Proceedings (Mar. 5, 2018), ECF No. 25 ("Def.'s Opp'n"); Def.-Int.'s Opp'n to Pl.'s Mot. to Stay Proceedings (Mar. 5, 2018), ECF No. 26; Mot. to Stay 9. For the reasons set forth below, the court denies plaintiff's motion for a stay. The court will grant plaintiff an extension of ten days from the date of this Opinion and Order to file its Rule 56.2 motion for judgment on the agency record.

---

[1] The Aluminum Extrusions Fair Trade Committee participated in the administrative proceeding that is subject to the challenge before the court. Amended Compl. ¶ 3 (Oct. 17, 2017), ECF No. 21. Plaintiff was also a petitioner in the underlying antidumping duty ("AD") and countervailing duty ("CVD") investigations. *Id.* ¶ 5.

**I. BACKGROUND**

In this action, plaintiff contests a scope ruling issued by the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") concluding that certain "kayak stabilizer kits" produced by IOS are not within the scope of the antidumping duty ("AD") and countervailing duty ("CVD") orders (together, the "Orders") on aluminum extrusions from the People's Republic of China.[2] *See Antidumping and Countervailing Duty Orders on Aluminum Extrusions from the People's Republic of China: Final Scope Ruling on IOS Certain Products* at 1-2 (Int'l Trade Admin. June 9, 2017) (P.R. Doc. 58), *available at* https://enforcement.trade.gov/download/prc-ae/scope/106-certain-ios-products-20jun17.pdf (last visited August 7, 2018) ("*Final Scope Ruling*").

IOS's kayak stabilizer kits include "an extruded aluminum adjustable center section, extruded aluminum tubes, an aluminum bar custom-machined end piece, and an adjustable extruded aluminum tube." *Final Scope Ruling* at 27 (footnote omitted). In its complaint, plaintiff claims that Commerce improperly determined that the kayak stabilizer kits were excluded from the Orders and, specifically, argues that Commerce wrongly concluded that the goods qualified for the "finished goods kit" exclusion specified in the scope language of the Orders. Amended Compl. ¶¶ 14, 17, 19 (Oct. 17, 2017), ECF No. 21 ("Compl."). Plaintiff also claims that the Department's finding that certain steel brackets in IOS's kayak stabilizer kits were not "fasteners" within the meaning of the finished goods kit exclusion was unlawful because it was inconsistent with previous findings in which brackets have been considered

---

[2] The AD and CVD orders relevant to this case are published as *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Int'l Trade Admin. May 26, 2011) and *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Int'l Trade Admin. May 26, 2011) (together, the "Orders"). The scope language of the Orders is identical in relevant part.

fasteners. *Id.* ¶ 17. Furthermore, plaintiff claims that the kayak stabilizer kits do not qualify as a "final finished good" and instead should be treated as a "subassembly" for purposes of the Orders. *Id.* ¶¶ 19-21. Plaintiff alleges that Commerce's decision is inconsistent with the Department's prior scope rulings on aluminum extrusions from China, including rulings on "towel racks, flag pole sets, patio door kits, and event décor parts and kits." *Id.* ¶ 23.

## II. DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A decision as to "[w]hen and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (internal citations omitted).

Plaintiff contends that a stay is warranted because the final and conclusive outcome of the litigation in *Meridian* and *Whirlpool* (including all future appeals and remands) could "streamline the issues" or be "potentially dispositive" of this action. *See* Mot. to Stay 6. Both of these cases were on appeal at the time plaintiff filed its motion to stay but since have been addressed in decisions by the Court of Appeals. *See Meridian Prods., LLC v. United States*, 890 F.3d 1272 (Fed. Cir. 2018); *Whirlpool Corp. v. United States*, 890 F.3d 1302 (Fed. Cir. 2018). Neither decision is final and conclusive; both necessitate that this Court issue remands to Commerce for further proceedings.

The court disagrees with plaintiff's argument that the final dispositions in *Meridian* and *Whirlpool* will be directly relevant to its case. *Meridian* and *Whirlpool* involve products (oven door and refrigerator door handles, respectively) that are dissimilar from the kayak stabilizers at

issue in this case. Moreover, the opinions of the Court of Appeals do not provide a reason to conclude that the final resolution of those disputes will be instructive on any issue in this case, including in particular the issue of the meaning of the "finished goods kit" exclusion.

In *Meridian*, the Court of Appeals stated that "[g]iven Commerce's finding that the end caps are fasteners, the Type B handles are not excluded under the 'finished goods kit' provision." 890 F.3d at 1279. The Court of Appeals further concluded "that Commerce's original scope ruling that the Type B handles are not excluded from the scope of the order under the 'finished goods kit' exclusion provision is reasonable and supported by substantial evidence." *Id.*, 890 F.3d at 1281. The Court of Appeals directed that "[i]f Commerce determines that the Type B handles are imported unassembled, then its original scope ruling controls and the inquiry ends," but "[i]f Commerce determines the Type B handles are imported fully and permanently assembled, then we direct Commerce to address the question of whether the Type B handles are excluded from the scope of the antidumping and countervailing duty order as 'finished merchandise.'" *Id.* In short, nothing in the opinion issued by the Court of Appeals suggests that the "finished goods kit" exclusion could apply to the goods at issue in that case.

In *Whirlpool*, the Court of Appeals observed that "because *the finished goods kit exclusion is inapplicable to Whirlpool's assembled handles*, so too is the fasteners exception to the finished goods kit exclusion." 890 F.3d at 1311 (emphasis added). The issue remaining in *Whirlpool* is whether the "assembled handles meet the requirements for the finished merchandise exclusion," *id.*, 890 F.3d at 1312, not the finished goods kit exclusion.

### III. CONCLUSION AND ORDER

Upon consideration of the Committee's Motion to Stay Proceedings Pending Final Resolution of Court of Appeals for the Federal Circuit Case Nos. 16-2657 and 17-1117 and

Consent Motion for an Extension of Time to File Plaintiff's Rule 56.2 Motion and Supporting Brief (Feb. 13, 2018), ECF No. 24, upon all papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's motion be, and hereby is, denied to the extent that it seeks a stay of proceedings in this action; it is further

**ORDERED** that plaintiff's motion is granted to the extent that it seeks an extension of ten (10) days from the date of this Opinion and Order for the filing of the Rule 56.2 motion for judgment on the agency record and brief in support thereof; and it is further

**ORDERED** that plaintiff's motion for judgment on the agency record and supporting brief shall be filed no later than August 20, 2018.

       /s/ Timothy C. Stanceu
       Timothy C. Stanceu, Chief Judge

Dated: August 8, 2018
       New York, New York